UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| Plaintiff,       ) | |
| ) | No. 1:22-cr-21 |
| -v-       ) | |
| ) | Honorable Paul L. Maloney |
| WILLIAM MATTHEW SMITH,       ) | |
| Defendant.       ) | |
| ) | |

## MEMORANDUM OPINION

Defendant Smith, without the assistance of counsel, filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (ECF No. 48). Defendant relies on Amendment 821 to the Sentencing Guidelines. He asserts that he received status points in the calculation of his criminal history score. Because Defendant did not receive status points in the calculation of his criminal history score, the Court cannot grant Defendant the relief he seeks.

In March 2022, Defendant pled guilty to possession with the intent to distribute 5 grams or more of methamphetamine (Count 3) and to being an unlawful user of a controlled substance in possession of a firearm (Count 4). Defendant's presentence report concluded Defendant had a total offense level of 31. Defendant had a criminal history score of 1 (one), resulting in a criminal history category I. Defendant's guideline range was 108 to 135 months. The Court sentenced Defendant to 84 months imprisonment for each count, served concurrently.

Amendment 821 makes retroactive certain changes to the Sentencing Guidelines Manual. Part A altered the calculation of "status points" under then § 4A1.1(d), now §

4A1.1(e). When calculating a defendant's criminal history score, the defendant earns status points if he or she commits the crime of conviction while under a criminal justice sentence, such as probation, parole or supervised release.

Defendant did not commit the crimes of conviction while under a criminal justice sentence and, therefore, was not assessed any status points under § 4A1.1(d). He is not eligible for a sentence reduction under Amendment 821 because, applying the retroactive changes, his criminal history category does not change and his sentencing guideline range did not change.

When Defendant filed his motion, the Court asked the Probation Office to prepare a report of eligibility, and the Probation Office concluded Defendant was not eligible. The Court afforded Defendant an opportunity to file an objection, which he did (ECF. No. 52). Defendant's objection does not alter the Court's conclusion. Defendant does not address the issue of status points. Instead, Defendant raises concerns about the propriety of his sentence arising from his firearm conviction. Defendant mentions the Second Amendment and the factors found in 18 U.S.C. § 3553. Having found Defendant ineligible on the basis of status points, the arguments advanced in his objection do not provide any basis for a sentence reduction for under § 3582(c)(2). *See* USSG § 1B1.10 (policy statement for reduction in a term of imprisonment following an amended guideline range).

The Court, therefore, **DENIES** Defendant's motion for a sentence reduction (ECF No. 48). **IT IS SO ORDERED.**

Date:    November 1, 2024                                      /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge

2